

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JEFFREY M. YOUNG-BEY
Vs.
UNITY MEDICAL HEALTHCARE et al

C.A. No.    2015 CA 009644 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge MICHAEL O'KEEFE
Date:  December 14, 2015
Initial Conference: 9:30 am, Friday, March 04, 2016
Location:  Courtroom A-47
           515 5th Street NW

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Jeffrey M. Young-Bey
_____
Plaintiff

vs.

Unity Medical Healthcare
_____
Defendant

Case Number _____

**15 - 0 0 9 6 4 4**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jeffrey M. Young-Bey
_____
Name of Plaintiff's Attorney

13800 McMullen Highway, S.W.
_____
Address
Cumberland, MD 21502
_____

Clerk of the Court

By _____
Deputy Clerk

Date 12/14/2015

Telephone
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                       CASUM.doc

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| JEFFREY M. YOUNG-BEY<br>13800 McMullen Highway, S.W.<br>Cumberland, MD 21502<br>Plaintiff<br><br>v.<br><br>UNITY MEDICAL HEALTHCARE<br>1901 D. Street, S.E.<br>Washington, D.C. 20003;<br><br>A. MARSHALL, M.D.<br>Director of Medical Services<br>1901 D. Street, S.E.<br>Washington, D.C. 20003;<br><br>L. KECK, M.D.<br>Associate Physician<br>1901 D. Street, S.E.<br>Washington, D.C. 20003;<br><br>A. DeSAU, M.D.<br>1901 D. Street, S.E.<br>Washington, D.C. 20003;<br><br>(Each Defendant is being sued in their Individual and Official Capacity) | Case No. 15-009644<br><br>Suit For Compensatory & Punitive Damages in the amount of $7.5 Million Dollars, U.S. Currency, involving:<br><br>Violations of U.S. Const. Eight Amendment;<br><br>Deliberate Indifference to serious Medical Need;<br><br>Medical Malpractice;<br><br>Failure to Provide Reasonable Standard of Care;<br><br>Failure to Protect from immediate and irreparable harm; and,<br><br>Interference with Contractual Relations<br><br>**A JURY TRIAL IS DEMANDED** |

FILED
CIVIL ACTIONS BRANCH
NOV 24 2015
Superior Court
of the District of Columbia
Washington, DC.

<u>CIVIL COMPLAINT AND JURY TRIAL DEMAND</u>

<u>Jurisdiction</u>

1. The jurisdiction of this Court is founded on D.C. Code Annotated, 19973 edition, as amended, §11-921 and Title 28, United States Code, §§1331 and 1343, respectively.



-2-

## Parties

2. Plaintiff, JEFFREY M. YOUNG-BEY, is a native born resident of the District of Columbia and citizen of the United States of America. He was "housed" in the D.C. Jail during the time of the events that relate to this instant lawsuit.

3. Defendant, UNITY MEDICAL HEALTHCARE, INC. (UNITY), is a body corporate authorized to do business in the District of Columbia and a party to a contract with the District of Columbia for the express purpose of providing medical care and treatment to all persons in the custody of the D.C. Department of Corrections' facility, located at 1901 D. Street, S.E., Washington, D.C. 20003.

4. Defendant, A. MARSHALL (MARSHALL), is a Physician licensed to practice medicine in the District of Columbia, an employee of Defendant (UNITY) and charged with the over-all supervision and treatment needs of chronic care patients (at all times relevant to this complaint);

-3-

5. The Defendant, L. KECK (KECK), upon information and belief, is a Physician licensed to practice medicine in the District of Columbia, an employee of the Defendant (UNITY) and charged with follow-up evaluation and treatment needs of Plaintiff and, similarly situated, chronic care patients;

6. The Defendant, A. DeSAU (DeSAU), upon information and belief, is a Physician licensed to practice medicine in the District of Columbia, an employee of the Defendant (UNITY) and charged with the emergency care and treatment needs of Plaintiff and, similarly situated, emergency patients (at all times relevant to the facts stated within this complaint).

## Conditions Precedent

7. All conditions precedent and available administrative remedies, if any, have been fully and completely exhausted prior to the bringing of this action.

## Statement of Case

8. On or about September 2, 2015, the Plaintiff (YOUNG-BEY) was placed in the custody of the D.C. Department of Corrections by the U.S. Marshal pursuant to a "WRIT AD TEST" issued by the Superior Court of the District of Columbia;

-4-

9. At the time of Plaintiff's admission into the "D.C. Jail," Plaintiff advised the Defendant (UNITY's) triage Physician Assistant (aka, Fitzgerald) that Plaintiff was suffering from severe muscle spasms in Plaintiff's left pelvic and thigh areas. Plaintiff, further, advised Defendant (UNITY's) Physician's Assistant that Plaintiff's symptoms were pre-existing, from as early as July 4, 2015, that more tests were planned prior to the Plaintiff's arrest and that Plaintiff had un-successfully been treated with minor analgesic pain medicines and muscle relaxers since his symptoms had begun;

10. During the ensuing days, Plaintiff repeatedly complained to Defendant (UNITY) of severe pain and muscle spasms and difficulty with walking, etc. Specifically, on or about September 4, 2015, Plaintiff's pain was so severe Plaintiff was unable to walk for more than ten (10) steps, could not sit up-right for more than 2-minutes and could not stand for more than 2 to 3 minutes without experiencing excruciating muscle spasms in his left leg, groin area and lower back. (Emphasis);

11. And, as a result of Plaintiff's pain, Plaintiff was unable to receive a visitor (YOUNG) from the public. Still, the Defendant (UNITY) failed to respond to the Plaintiff's requests for emergency care. On the same date at, approxiamtely, 7:45 p.m., Plaintiff was visited by an Attorney (BENOWITZ). At that time, Plaintiff again made an un-successful attempt to receive the visitor; but, collapsed in pain before reaching the visiting area;

12. While collapsed in the corridor leading towards the visiting hall, a Department of Corrections Supervisor (Sgt. J. Holloway) came upon the Plaintiff, ordered Correctional Staff to respond to the location with a stretcher and, personally, escorted the Plaintiff to the Medical Infirmary area of the jail;

13. Upon arrival, Plaintiff was attended to by the Defendant (DeSAU) who failed to physically examine the Plaintiff, failed to order any diagnostic tests and failed to diagnose any cause for Plaintiff's severe muscle spasms, etc.

14. After their brief encounter, Defendant (DeSAU), prescribed a course of motrin and informed the Plaintiff that Plaintiff's condition could worsen due to Plaintiff being housed in segregatory confinement and not having as much out-of-cell mobility;

15. As a result of the foregoing events, Plaintiff's legal visit was cancelled. And, Defendant (DeSAU's) Motrin prescription was of no avail. To be sure, on or about September 5 and 6, 2015, Plaintiff repetively requested every shift to please contact medical, to no avail;

16. On or about September 8, 2015, Plaintiff was seen by Defendant (MARSHALL) who conducted a complete physical neurological examination of Plaintiff's left leg, thigh as well as the range of motion in both legs. Thereafter, Defendant (MARSHALL) ordered Plaintiff to be given a 60 mg IM injection of "Toradol" (a muscle relaxer), 800 m.g. of Motrin and Flexiril (twice daily);

17. In addition, Defendant (MARSHALL) ordered X-Rays of the Plaintiff's left hip, pelvic region and of the Plaintiff's lumbar spine. all tests were negative; despite Plaintiff's continuing muscle spasms, etc. And, during the ensuing days, Plaintiff continued making requests to Defendant (UNITY) to be seen, diagnosed and treated, to no avail.

-7-

18. On or about September 15, 2015, Plaintiff was seen by Defendant (KECK) in a "Follow-up Clinic." At that time, Defendant (KECK) reported to Plaintiff the results of his X-Rays, prescribed another 7-days of Motrin (800 m.g.), 10 m.g. Flexiril (twice daily) for 7-days, muscle rub for 14-days and 81 m.g. of Aspirin daily (indefinitely);

19. During their Clinical, Plaintiff advised Defendant (KECK) that his problem had not improved and that he continued to suffer from muscle spasms. Whereupon, the Clinical visit was concluded;

20. Notwithstanding, Plaintiff continued to make written requests to Defendant (UNITY) for treatment, to no avail. On or about September 24, 2015, Physician's Assistant (K. BECK)(aka, Fitzgerald) came to the Plaintiff's cell door to respond to another of several of Plaintiff's requests. At that time, the Physician's Assistant prescribed Plaintiff 500 m.g. of Acetomenophen (i.e., Tylenol) for 5-days, ending September 30, 2015. In addition, the Physician's Assistant prescribed Plaintiff one tube of muscle rub for 14-days. (Emphasis);

-8-

21. On or about September 28, 2015 at, approximately, 1:30 a.m., Plaintiff suffered a massive muscle spasm in his left leg. As a result, Plaintiff requested to be seen by medical on an emergency basis. While Plaintiff's pain was not remiting [sic] and persisted, Defendants (UNITY and DeSAU) took over 1-hour and 45 minutes to respond to the Plaintiff's cell;

22. Upon responding, Defendant had Plaintiff placed on a stretcher and taken to the D.C. Jail Infirmary for further evaluation, etc. After a period of, approximately, 25-minutes, Defendant (DeSAU) ordered that Plaintiff be given an immediate intramuscular injection of some substance and one (1) 50 m.g. Benadryl. Thereafter, the Plaintiff's muscle spasms did not abate for, approximately, 45-minutes;

-9-

23. Prior to being discharged from the Infirmary by by Defendant (DeSAU), Defendant opined that the muscle spasms Plaintiff was suffering may be due to an imbalance in Plaintiff's serum Potassium levels, Defendant asked Plaintiff if any "Blood-Work" had been drawn; but, did not indicate to Plaintiff that it would (or was) being ordered by Defendants  Finally, Defendant (DeSAU) advised Plaintiff that all of the Plaintiff's X-Rays were normal and suggested that an "MRI" might prove diagnostic.  No other treatments were provided by Defendant (DeSAU), except advising Plaintiff to place more sick-call requests with Defendant (UNITY) as symptoms recur or persisted;

24. WHEREFORE, Plaintiff states the following causes of action upon which relief may be GRANTED.  To Wit:

## FIRST CAUSE OF ACTION
(Deliberate Indifference to Serious Medical Need)

25. Plaintiff realleges and incorporates by reference to the extent relevant the allegations in paragraphs 1 through 24, above, as though stated in full herein;

26. Defendants (jointly and severally) acted under color of District of Columbia law;

27. Defendants failed to properly diagnose and treat the Plaintiff for a serious medical need;

28. Defendants had knowledge of the Plaintiff's serious medical need(s);

29. Defendants acted with deliberate indifference to the Plaintiff's serious medical need; and,

30. Plaintiff suffered damages as a direct and proximate cause of the Defendants acts, errors and omissions. WHEREFORE, Plaintiff seeks compensatory and punitive damages against the Defendants in the amount of $7.5 Million Dollars for violations of Plaintiff's right to medical care.

## SECOND CAUSE OF ACTION
(Medical Malpractice)

31. Plaintiff realleges and incorporates by reference to the extent relevant the allegations in paragraphs 1 through 24, above, as though stated in full herein;

32. Defendants (jointly and severally) had a duty to provide the Plaintiff with reasonable medical care;

33. Defendants breached their duty to provide the Plaintiff with reasonable medical care; and,

34. Plaintiff suffered damages as a direct and proximate cause of the Defendants acts, errors and omissions. WHEREFORE, Plaintiff seeks compensatory and punitive damages against the Defendants in the amount of $7.5 Million Dollars for violations of Plaintiff's right to medical care.

-12-

## Prayer For Relief

35. WHEREFORE, Plaintiff respectfully prays that this Court:

A. ORDER Defendants to pay compensatory and punitive damages in the amount stated in each cause of action;

B. ORDER Defendants to pay reasonable Attorney Fees and costs; and,

C. GRANT other just and equitable relief that this Honorable Court deems necessary.

## Verification

36. Pursuant to Title 28, United States Code, Section 1746, I declare and verify under penalty of perjury under the laws of the United States and the District of Columbia that the foregoing statements are true, exclusive of all set-off and just grounds of Defense. WHEREFORE, Plaintiff demands judgment against Defendants in the amount of $7,500,000.00 with interest and costs.

_____  11/20/15
JEFFREY M. YOUNG-BEY, #307-062
Plaintiff/Affiant

-13-

DISTRICT OF COLUMBIA, ss:

SUBSCRIBED AND SWORN to before me this _____ day of _____
20 _____.

_____
NOTARY PUBLIC/DEPUTY CLERK

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Ave., N.W., Rm—JM-170
Washington, D.C. 20001

|  |  |
|---|---|
| *Plaintiff* <br><br> vs. <br><br> *Defendant* | Civil Action No. _____ |

## ANSWER OF DEFENDANT

DISTRICT OF COLUMBIA, ss:

The defendant, for answer to the claim of the plaintiff herein, says that he said plaintiff is not entitled to have judgment as demanded in the complaint for the following reasons:

_____
_____
_____
_____
_____
_____
_____
_____

And, therefore, said defendant respectfully demands that this suit be heard in open court.

| DEFENDANT: | ADDRESS: | TELEPHONE NO. |
|---|---|---|
| COPY MAILED TO: (ATTORNEY FOR PLAINTIFF) | | |

Form CV(6)-451/Dec. 91                                   2-0881 wd-155