# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JEFFREY M. YOUNG-BEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 16-1032 (CKK) |
| | : | |
| UNITY MEDICAL HEALTHCARE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

This matter is before the Court on Defendant's Motion to Dismiss, ECF No. 6.[1]  For the reasons discussed below, the motion will be granted.

## I. BACKGROUND

At all times relevant to the Complaint, Unity Health Care, Inc. ("Unity") was "a grantee of the Department of Health & Human Services ('HHS') by operation of the Federally Supported Health Centers Assistance Act," Mem. of P. & A. in Support of Def.'s Mot. to Dismiss, ECF No. 6-1 ("Defs.' Mem.") at 1 (citing 42 U.S.C. § 233(g)-(n)), and provided medical care for detainees at the D.C. Jail, *see* Compl. ¶ 3; Decl. of Meredith Torres, ECF No. 9 ("Torres Decl.") ¶ 6. Unity "was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2014, and . . . its coverage has continued without interruption since that time."  Torres Decl. ¶ 5.  Henry D. Marshall, M.D., Leslie Keck, M.D., and Genet Desta, M.D., were Unity employees, *id.* ¶ 6, who acted "within the scope of their respective employment as deemed employees of the

---

[1]  Plaintiff's Renewed Motion to Remand Case, ECF No. 20, will be denied.

Public Health Service at the time of the . . . incidents" alleged in the complaint, Notice of

Removal, ECF No. 1, Ex. A (Certification).[2]

On September 2, 2015, the United States Marshals Service ("USMS") transported

plaintiff to the D.C. Jail "pursuant to a 'writ ad test' issued by the Superior Court of the District

of Columbia."  Compl. ¶ 8; *see id.* ¶¶ 2, 9.  He remained in the District's custody until October 6,

2015, when the USMS transported him to a correctional facility in Jessup, Maryland, where he

was "held pending resolution of a criminal matter in the . . . Superior Court."  Defs.' Mem. at 2.

According to plaintiff, he was experiencing "severe muscle spasms in [his] left pelvic and

thigh areas," and treatment of his condition "with minor analgesic pain medicines and muscle

relaxers" was not successful.  Compl. ¶ 9.  When plaintiff arrived at the D.C. Jail, he advised a

"triage Physician Assistant" of his symptoms.  *Id.*  "During the ensuing days, [p]laintiff

repeatedly complained to [Unity staff] of severe pain and muscle spasms."  *Id.* ¶ 10.  He

recounted an incident on September 4, 2015, when his "pain was so severe [he] was unable to

walk for more than ten . . . steps, could not sit up[]right for more than [two] minutes and could

not stand for more than [two to three] minutes without experiencing muscle spasms in his left

leg, groin area and lower back."  *Id.*  The pain allegedly caused plaintiff to collapse on his way to

the visiting area, and he missed a meeting with his attorney.  *Id.* ¶ 11.  When plaintiff was taken

to the infirmary, Dr. Desta allegedly "failed to physically examine [him], failed to order any

diagnostic tests and failed to diagnose any cause for [his] severe muscle spasms[.]"  *Id.* ¶ 13.

Instead, Dr. Desta "prescribed . . . [M]otrin," *id.* ¶ 14, which did not relieve the pain, *see id.* ¶ 15.

---

[2]  Plaintiff misidentified the individual defendants as A. Marshall, M.D., L. Keck, M.D., and A. DeSau, M.D.  *See*
Compl. ¶¶ 4-6; Torres Decl. ¶ 4 n.1.

On September 8, 2015, Dr. Marshall "conducted a complete . . . neurological examination of [p]laintiff's left leg, thigh as well as the range of motion in both legs." *Id.* ¶ 16.  In addition to Motrin, plaintiff was prescribed Toradol and Flexeril, *id.*, and x-rays were taken of his left hip, pelvic region and lumbar spine.  *Id.* ¶ 17.  At a follow-up clinic visit on September 15, 2015, Dr. Keck reported the results of plaintiff's x-rays, and prescribed Motrin, Flexeril, aspirin and a muscle rub.  *Id.* ¶ 18.  Although plaintiff continued to make requests for treatment, he allegedly received nothing more than ineffective pain relievers.  *See id.* ¶¶ 19-20.  On September 28, 2015, when plaintiff "suffered a muscle spasm in his left leg," *id.* ¶ 21, he was taken on a stretcher to the infirmary, was "given an . . . intramuscular injection of some substance and . . . Benadryl," and the spasms abated within the hour, *id.* ¶ 2.  Dr. Desta "opined that the muscle spasms [p]laintiff was [experiencing] may [have been] due to an imbalance in [p]laintiff's serum [p]otassium levels[.]"  *Id.* ¶ 23.  No blood work was done, and despite Dr. Desta's "suggest[ion] that an 'MRI' might prove diagnostic[, no] other treatments were provided," and plaintiff instead was instructed "to place more sick-call requests . . . as symptoms recur or persisted."  *Id.*

Plaintiff has made a claim under the Eighth Amendment to the United States Constitution, *see id.* ¶¶ 26-30, and a medical malpractice claim arising from the medical care and treatment he received (or did not receive) at the D.C. Jail, *see id.* ¶¶ 32-34, for which he demands compensatory and punitive damages totaling $7.5 million, *id.* ¶¶ 30, 34.  He filed his complaint in the Superior Court of the District of Columbia on November 24, 2015, and defendants removed the action on June 1, 2016, under 28 U.S.C. §§ 1441, 1442(a)(l), 1446, 1346(b), 2401(b), and 2671-80.  *See* Notice of Removal at 1.

## II. DISCUSSION

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction on the ground that plaintiff failed to exhaust his administrative remedies prior to filing his complaint.[3]  *See generally* Defs.' Mem. at 5-7.

Subject matter jurisdiction is a requirement of Article III of the U.S. Constitution and by federal statute.  *See Wilson v. U.S. Dep't of Transp.*, 759 F. Supp. 2d 55, 62 (D.D.C. 2011).  It is the plaintiff's burden to establish that the Court has subject matter jurisdiction over his claim.  *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992).  For purposes of a Rule 12(b)(1) motion, the Court accepts the factual allegations of the complaint as true, and it "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."  *Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

### A. Sovereign Immunity

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  Under the doctrine of sovereign immunity, the United States is immune from suit unless Congress expressly has waived the defense of sovereign immunity by statute.  *See id*.  The Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 2671-2680, operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort claims.  *See, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962).  For example, the United

---

[3]  The Court does not consider defendants' arguments for and plaintiff's arguments against dismissal under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6).  Nor does the Court convert defendants' Rule 12(b)(6) motion to a Rule 56  motion for summary judgment by taking into consideration the supporting declarations and other materials.  *See, e.g., Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987) (finding that conversion does not apply where defendants' basis for dismissal was lack of subject matter jurisdiction under Rule 12(b)(1)).

States has not waived sovereign immunity with respect to constitutional tort claims, *see FDIC v. Meyer*, 510 U.S. 471, 475 (1994), and plaintiff's claim for money damages arising from an alleged violation of the Eighth Amendment must fail, *see, e.g., Roman v. Nat'l Reconnaissance Office*, 952 F. Supp. 2d 159, 163-64 (D.D.C. 2013).  However, the FTCA renders the "United States . . . liable . . . in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, for medical malpractice, *see, e.g., Williams v. United States*, 932 F. Supp. 357, 360 (D.D.C. 1996) (treating allegations of complaint as six separate claims of medical malpractice against the Veterans Administration under the FTCA).

### B.  The United States of America Is The Proper Defendant

Plaintiff demands monetary damages for claims arising from medical treatment Unity and three of its employees provided while he was detained at the D.C. Jail.  Defendants assert that Unity is a grantee of the Department of Health and Human Services by operation of the Federally Supported Health Centers Assistance Act, *see* 42 U.S.C. § 233(g)-(n), and Dr. Marshall, Dr. Keck and Dr. Desta were acting within the scope of their employment with Unity as if they were employees of the Public Health Service.  *See* Torres Decl. ¶¶ 5-6.  Thus, defendants demonstrate that Unity is eligible for FTCA malpractice coverage, *id.* ¶ 5, such that the FTCA is plaintiff's sole route to recovery, *see* 42 U.S.C. § 233(a)-(b), (g); *see also Edwards v. District of Columbia*, 616 F. Supp. 2d 112, 116 (D.D.C. 2009); *Williams v. United States*, No. 1:06-cv-1486, 2007 WL 1549182, at *1 (D.D.C. May 29, 2007).

The United States of America is the only proper defendant in a suit under the FTCA. *See, e.g., Hall v. Admin. Office of U.S. Courts*, 496 F. Supp. 2d 203, 206 (D.D.C. 2007).  Even though this *pro se* plaintiff has not named the United States as a party, the Court overlooks this

pleading defect and instead treats plaintiff's claims as if they had been brought against the United States directly.  *See, e.g., Hui v. Castaneda*, 559 U.S. 799, 810 (2010).

### C.  Plaintiff Failed to Exhaust Administrative Remedies Under the FTCA

The FTCA provides that a claimant may file a civil action suit for claims of "personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b). This is a waiver of sovereign immunity, *see United States v. Mitchell*, 445 U.S. 535, 538 (1980), and "the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit," *id.* (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  Generally, a claimant must "present [his] claim 'in writing to the appropriate Federal agency within two years after such claim accrues,' and thereafter file [his] action in court within six months of agency's final denial of [his] claim.'"  *M.J. ex rel. Jarvis v. Georgetown Univ. Med. Ctr.*, 962 F. Supp. 2d 3, 6 (D.D.C. 2013) (quoting 28 U.S.C. § 2401(b)), *aff'd*, No. 13-5321, 2014 WL 1378274, at *1 (D.C. Cir. Mar. 25, 2014) (per curiam).

There are limitations under and exceptions to the FTCA which militate dismissal of plaintiff's claim.  Relevant to this case is the exhaustion requirement:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have *first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added).  "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," and a claimant's "fail[ure] to

heed that clear statutory command" warrants dismissal of his claim.  *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see Henderson v. Ratner*, No. 10-5035, 2010 WL 2574175, at *1 (D.C. Cir. June 7, 2010) (per curiam) (affirming dismissal of FTCA claim where "[a]ppellant failed to demonstrate that he exhausted his administrative remedies before filing suit in the district court").

Defendants' declarant explains that the Department of Health and Human Services' "Claims Branch . . . maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers . . . deemed . . . eligible for Federal Tort Claims Act malpractice coverage."  Torres Decl. ¶ 2. According to the declarant, "if a tort claim had been filed with the Department with respect to Unity Health Care, Inc., its approved delivery sites, or its employees or qualified contractors, a record of that filing would be maintained in the Claims Branch's database."  *Id.* ¶ 3.  She avers that her search of this database located "no record of an administrative tort claim filed by Jeffrey M. Young-Bey . . . relating to Unity Health Care, Inc., Henry D. Marshall, M.D., Leslie Keck, M.D. and [Genet Desta], M.D."  *Id.* ¶ 4.

Plaintiff responds that he "has exhausted [] all available administrative remedies required," Pl.'s Opp'n to Def.'s Mot. to Dismiss Compl., ECF No. 16 ("Pl.'s Opp'n") at 4 (emphasis removed), by submitting a tort claim to Unity on October 9, 2015, after his release from the D.C. Jail, *see id.*, Ex. 1 (Claim for Damage, Injury or Death ).[4]  According to plaintiff, this document "meticulously outline[s]" the basis and amount of his claim.  *See id.*, Ex. 1. Alternatively, plaintiff argues that any failure to exhaust under the FTCA is excusable, because

---

[4]   The copy plaintiff provides is of poor quality, and aside from the headings on the preprinted form, none of its content are legible.

Unity neither supplied the proper FTCA claim forms, advised detainees "of the existence of any administrative procedures necessary to raise a claim against [it] as [a] federal contractor[,]" nor "coordinate[d its] complaint procedures with those of the D.C. Jail." *Id.* at 6. In addition, plaintiff supplies copies of inmate grievances, *see id.*, Ex. 1 (Inmate Informal Resolution/Grievance Forms), submitted to jail staff on September 24, 2015 and September 28, 2015. Thus, he argues that he has met his obligation to "present[] the claim to the appropriate Federal agency," 28 U.S.C. § 2675(a), by submitting a claim to Unity, *see* Pl.'s Traverse and Opp'n to Defs.' Reply to Objections, ECF No. 19 at 3; Pl.'s Opp'n at 4-6. Plaintiff is mistaken.

It is a claimant's responsibility to submit his tort claim to the appropriate federal agency, which in this case is the Department of Health and Human Services. Defendants demonstrate that plaintiff has not done so. Even if plaintiff's October 9, 2015 submission to Unity were considered a valid presentment to the appropriate federal agency, the filing of his initial complaint in the Superior Court on November 24, 2015 was premature – plaintiff would have submitted his tort claim either before the agency denied the claim in writing, or before expiration of the six-month period within which the agency is expected to make its final disposition of a claim. *See Harrod v. U.S. Parole Comm'n*, No. 1:13-cv-774, 2014 WL 606196, at *1 (D.D.C. Feb. 18, 2014), *appeal dismissed*, No. 14-5063 (D.C. Cir. July 18, 2014); *Sparrow v. U.S. Postal Serv.*, 825 F. Supp. 252, 255 (E.D. Cal. 1993) (stating that "the FTCA requires that an administrative claim be finalized at the time the complaint is filed").

"The plain language of the FTCA therefore bars a plaintiff from filing suit before he . . . has exhausted [his] administrative remedies," and in this case, plaintiff's failure to submit his claim to the Department of Health and Human Services deprives the Court of jurisdiction over

his medical malpractice claim.  *Edwards v. District of Columbia*, 616 F. Supp. 2d 112, 116

(D.D.C. 2009); *Hinton v. United States*, 660 F. Supp. 2d 22, 26 (D.D.C. 2009).

## III. CONCLUSION

The Court concludes that it lacks subject matter jurisdiction over plaintiff's FTCA claims

because he failed to exhaust his administrative remedies prior to filing this action.  Accordingly,

defendants' motion to dismiss will be granted.  An Order is issued separately.


DATE: November 21, 2016                    /s/
                                           COLLEEN KOLLAR KOTELLY
                                           United States District Court Judge